THE PEOPLE, PLAINTIFF AND RESPONDENT, v. MADERA,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2.

No. 620.—Decided November 10, 1913.

APPEAL—TRANSCRIPT OF RECORD—CORRECTIONS.—When a party desires to correct
an error in the transcript of the record consisting of a discrepancy between
the date of the judgment roll and the date of the bill of exceptions, he should
not wait until the moment of the hearing of the appeal, but should file in
advance a motion to that effect accompanied by an affidavit. After the
transcript of the record has been filed in this court, in the absence of proof
that an act of injustice had been committed, this court will not return
said transcript of the record to the trial court to be corrected, especially
when it relates to an error which does not affect the merits of the appeal,
such as that the jurors have returned their verdict after the expiration of
one year, for which term some of the jurors were selected.

REGULAR JURORS—TALESMEN—TERM OF SERVICE OF JURYMEN.—The provisions
of section 197 of the Code of Criminal Procedure relate to regular jurors,
but not to such other persons as may be selected to serve on a jury to try
a particular case. The duty of the jury is continuous and terminates only
when they have returned their verdict, and said verdict cannot be regarded
as null and void because it may have been returned a day after the expira-
tion of the year for which the members of the jury whose names are included
in the list of regular trial jurors were selected. Even in regard to these,
their duties do not cease until their successors have been selected and in
no event until after they have returned a verdict.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Herminio Díaz Navarro* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

The only point presented by this appeal is that the jury-
men who pronounced a verdict in the trial below had lost
jurisdiction over the case inasmuch as, although they began
their deliberations before the expiration of their term, as
alléged, yet, according to the appellant, they rendered their
verdict after the expiration of such term. This defect of
jurisdiction was raised by motion for a new trial.

The record in this case is most imperfect if the appellant
is right in his facts, because the record shows that the verdict

was rendered on March 31, 1913. The alleged jury term of this particular set of jurymen would, as contends the appellant, have expired at the end of the 31st day of March. There is a bill of exceptions in the record and this bill of exceptions shows that the jury returned into the courtroom at 12.30 a. m. on April 1, 1913. A discrepancy existing between the judgment roll and the bill of exceptions, the attorney for the appellant orally prayed that the case should be sent back to the secretary of the district court to correct the differences that existed between the judgment roll and the bill of exceptions.

Motions of this kind should not be deferred until the hearing and should be made in writing, specifically showing the matter to be corrected and also proving by affidavit or otherwise the matter to be corrected. If, for example, this motion should be granted as prayed, the secretary of the court below would not know what there was to correct.

In a proper case we might perhaps send a case back for correction by the court below, but only where the matter to be corrected was clearly stated and the appellant showed that some injustice had been done him. Without a showing of such injustice the court would not send a case back on a technical ground like the one assigned here.

Even if the bill of exceptions be considered as authoritative and the point fully before us, we do not think that the contention of the appellant could prevail.

Section 197 of the Code of Criminal Procedure provides:

"Section 197.—The persons whose names are so returned shall be known as regular trial jurors of the district court, for the district in which they have been drawn, and they must serve for one year and until other persons are selected and returned."

The "regular trial jurors" to whom this section refers are selected by jury commissioners. There was no showing made in this case that the "other persons" to whom the section relates had been selected and returned, and by the terms of the law the so-called "regular trial jurors" must serve

until their successors are selected and returned. A similar point has been so decided in the case of *The People* v. *Richards,* 1 Cal. App., 576. That court also held that the provisions of the code as to selecting jurors was directory and should be given a liberal construction.

However, even if the new "regular trial jurors" for the ensuing year of 1913–14 had been selected, the verdict in this case could not have been annulled. The "regular trial jurors" to whom section 197 refers are, so to speak, potential jurymen or candidates for the jury box. The particular jury that is to try a case may, in emergencies, be made up of other men besides the "regular trial jurors." As a matter of history a jury composed of twelve men or petit jury existed long ⋯el of "regular trial jurors." When twelve men are sworn to try a case they are not, for the time being, in the sense of the statute, "regular trial jurors," but are a petit jury sworn to try the issue between the government and the defendant. Such a duty is paramount and is continuing, and as these twelve men who tried the appellant were duly qualified and sworn to try the issues between the government and the defendant, the mere fact that their term of service as "regular trial jurors" had expired would not relieve them from the necessity of going on with a case which they had begun.

We find no other error in the record. The motion of the appellant must be overruled and the judgment of the court below affirmed.

> *Judgment affirmed and motion to correct the transcript of the record overruled.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.